NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARA O'CALLAGHAN; JENEE
MISRAJE,

　　　　　　　Plaintiffs-Appellants,

　v.

JANET NAPOLITANO, in her official
capacity as President of the University of
California; TEAMSTERS LOCAL 2010;
ROB BONTA, in his official capacity as
Attorney General of California,

　　　　　　　Defendants-Appellees,

 and

REGENTS OF THE UNIVERSITY OF
CALIFORNIA,

　　　　　　　Defendant.

No.　19-56271

D.C. No.
2:19-cv-02289-JVS-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 8, 2022
Portland, Oregon

---

　　　*　　This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[**] District Judge.

Cara O'Callaghan and Jeneé Misraje ("Appellants") appeal the district court's order granting the Defendants' motion to dismiss their First Amendment claims. We affirm.[1]

1. The trial court correctly determined that the Defendants did not violate Appellants' First Amendment rights. Although the First Amendment protects against compelled association, it does not permit one to renege on voluntary agreements. *Belgau v. Inslee,* 975 F.3d 940, 951 (9th Cir. 2020). Appellants affirmatively agreed to join the Union and authorized the University to deduct dues from their wages pursuant to the terms of their agreements, including terms limiting when they could withdraw authorization. Additionally, Appellants' § 1983 claim against the Union fails for lack of state action under *Belgau*. *Id.* at 946–47. Therefore, Appellants' First Amendment claim was properly dismissed.

2. The district court did not err in finding that the Union's good faith reliance on state and federal precedent shielded it from liability for collecting agency fees prior to the Supreme Court's decision in *Janus v. AFSCME, Council 31,* 138 S. Ct. 2448 (2018). Private entities can raise a good faith affirmative defense to § 1983 claims when they acted in reliance on binding judicial

---

[**] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

[1] Teamsters Local 2010's Motion to Remand or Dismiss (Dkt. No. 44) is denied.

pronouncements and state law. *Danielson v. Inslee*, 945 F.3d 1096, 1099–1100 (9th Cir. 2019). O'Callaghan became a member of the Union prior to *Janus*, so she only paid nonmember fees when such fees were permitted. The Union was operating under state law and binding federal precedent when it collected fees from O'Callaghan. Therefore, the Union's good faith defense shields it from liability.

3.      The district court correctly held that exclusive Union representation does not violate Appellants' First Amendment right to freely associate. *Janus* prohibited the collection of agency fees from nonmembers; it did not render unions' service as exclusive bargaining agents unconstitutional. *Mentele v. Inslee*, 916 F.3d 783, 789–90 (9th Cir. 2019). Therefore, unions may serve as exclusive representatives of entire bargaining units without violating the Constitution.

**AFFIRMED.**